FILED
CLERK, U.S. DISTRICT COURT
12/06/2014
CENTRAL DISTRICT OF CALIFORNIA
BY: __C. Wynn__ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL-GHAFFAR SELHARI, | Case No. EDCV 14-0811-SVW (JPR) |
| Plaintiff, | |
| vs. | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| HOWARD GAINES et al., | |
| Defendants. | |

Plaintiff lodged pro se this civil rights action on April 23, 2014. The Court thereafter granted his application to proceed in forma pauperis, and his Complaint was filed on June 27, 2014.[1] On September 2, 2014, the Magistrate Judge dismissed Plaintiff's complaint with leave to amend, warning him that "if he fails to timely file a sufficient [First Amended Complaint],

---

[1] Another inmate, Parnesh Singh, was also listed as a plaintiff on the Complaint, but he failed to submit a complete IFP application or pay the filing fee, or offer any explanation for why he could not do so, as the Magistrate Judge twice ordered him to do. The Magistrate Judge therefore ordered that a version of the Complaint with only Abdul-Ghaffar Selhari's signature be filed. Thus, Singh is not properly a plaintiff in this action.

the Court will likely dismiss this action." On September 25, 2014, Plaintiff filed a request for an extension of time to file the amended complaint, noting that he had been released from incarceration and was being detained at an Immigration and Customs Enforcement detention center. The Magistrate Judge extended the time for Plaintiff to file an amended complaint to October 29, 2014, but the copy of her order served on Plaintiff was returned as undeliverable, with the notation that he had been "released" from the ICE detention center. The Court's review of the ICE Detainee Locator website confirms that Plaintiff is no longer being held by ICE. Plaintiff has not filed a change of address with the Court.

    Local Rule 41-6 provides that

> [a] party proceeding *pro se* shall keep the Court . . . apprised of such party's current address . . . . If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

    Courts may dismiss lawsuits for lack of prosecution. <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962); <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a pro se plaintiff's action for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (internal quotation marks omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

    Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. If Plaintiff has been deported, as appears likely, he will almost certainly be unable to lawfully return to this country to prosecute his lawsuit. In any event, he has failed to keep the court apprised of his current address or timely respond to the Magistrate Judge's dismissal order, and he therefore has not rebutted the presumption of prejudice to Defendants. The Court cannot simply leave hanging on its docket a case that is not being prosecuted diligently. Further, there does not appear to be any less drastic sanction the Court can take, as Plaintiff has ceased communicating with the Court and, by failing to keep the Court notified of his address, has made it impossible for the Court to contact him. See Scott v. Belmares, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming dismissal of civil-rights lawsuit in part because pro se plaintiff failed to keep Court apprised of change of address under Local Rule 41-6). Although the fourth Carey factor weighs against dismissal – as it does in every case – together the other factors outweigh the public's interest in disposing of the case on its merits.

**ORDER**

Accordingly, this action is dismissed (1) pursuant to the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute and (2) for the reasons outlined in the Magistrate Judge's September 2, 2014 dismissal order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 6, 2014

_____
STEPHEN V. WILSON
U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge